Filed 11/13/15  In re L.I. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re L.I., a Person Coming Under the Juvenile Court Law. | C078549 |
| THE PEOPLE, | (Super. Ct. No. JV136634) |
| Plaintiff and Respondent, | |
| v. | |
| L.I., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S*. (2003) 113 Cal.App.4th 97.  Having reviewed the record as required by *Wende* and *Kevin S.*, we shall affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## BACKGROUND

David Fowler, a fire investigator with the City of Sacramento, responded to a call to investigate a fire at a local high school. He examined the boys' bathroom near the administrators' office and observed a scorched wall and the outline of a paper towel dispenser. Outside the bathroom, he saw a partially melted paper towel dispenser. Fowler viewed the surveillance video and saw the minor, L.I., go into the bathroom three times shortly before the fire. When Fowler interviewed the minor, he eventually admitted he had lit the paper towels hanging from the dispenser on fire. He said he did not know why he had lit the fire, he was not angry with any teachers or the school, and he did not want to hurt anyone.

The district attorney's office filed a Welfare and Institutions Code section 602 petition, alleging the minor committed arson of another's property. (Pen. Code, § 451, subd. (d).) The juvenile court found the minor eligible, but not suitable, for deferred entry of judgment. Following a contested hearing, the juvenile court sustained the arson allegation of the petition. The juvenile court adjudged the minor a ward of the court and ordered him committed to the care and custody of his parents under supervision of the probation office. The juvenile court also ordered the minor to serve 32 hours of community service, with credit for 20 hours completed. Among the additional terms and conditions of probation, the minor was ordered to participate in a drug and alcohol assessment and fire setter prevention counseling. The juvenile court retained jurisdiction on the issue of direct victim restitution.

## DISCUSSION

We appointed counsel to represent the minor on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an

examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to the minor.

DISPOSITION

The judgment is affirmed.


            /s/ _____
            Blease, Acting P. J.


We concur:



    /s/ _____
    Nicholson, J.



    /s/ _____
    Hoch, J.